546 P.2d 1156

**The STATE of Arizona, Appellee,**

v.

**Don Edgar KENNEL, Appellant.**

**No. 1 CA–CR 1339.**

Court of Appeals of Arizona,
Division 1,
Department A.
March 11, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div.,

Georgia Butcher Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John F. Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

In this case we must determine if an officer who has legally taken an intoxicated person into custody for delivery to an alcohol treatment center may conduct a full body search as distinguished from a pat-down search for weapons.

The defendant Don Edgar Kennel was convicted of the misdemeanor offense of possessing dangerous drugs and sentenced to a term of six months on probation, together with a fine of $75. The defendant now appeals his conviction and sentence.

The defendant was detained by officers of the Phoenix Police Department at 1:30 a. m. as he was shouting obscenities in the parking lot of Snoopy's Bar. After determining that the defendant was extremely intoxicated and unable to walk, he was taken into custody for transporting to a neighborhood LARC (local alcohol reception center). One of the officers conducted a search of the defendant prior to placing him in the police vehicle for delivery to the LARC facility. As he was searching his clothing for weapons or contraband, the officer found a wadded up plastice baggie containing amphetamines in the defendant's coat pocket.

The single issue in this appeal is the question of the legality of the officer's thorough search of the intoxicated defendant who was not in custody for a criminal offense.

The defendant argues that the search conducted in this case was unreasonable under the Fourth Amendment, United States Constitution, and that any evidence obtained as a result of this search should have been suppressed. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). It is defendant's position that the officers had a right to make a pat-down search to look for weapons, but had no right to conduct a thorough search into all the clothing of the defendant. The defendant cites cases which have held that soft objects which could not be used as weapons may not be seized during a pat-down search. *Tinney v. Wilson,* 408 F.2d 912 (9th Cir. 1969); *People v. Longwill,* 14 Cal.3d 943, 123 Cal.Rptr. 297, 538 P.2d 753 (1975); *Ricci v. State,* 506 P.2d 601 (Okl. Cr.App.1973); *People v. Collins,* 1 Cal.3d 658, 83 Cal.Rptr. 179, 463 P.2d 403 (1970).

The defendant asks us to apply the rule set forth in the case of *State v. Baltier,* 17 Ariz.App. 441, 498 P.2d 515 (1972). In *Baltier,* the court was dealing with the legality of an investigatory stop and not a custodial arrest when it stated the grounds for a legitimate search as follows:

There must be a rational suspicion by the police officer that some activity out of the ordinary is or has taken palce, some indication to connect the person under suspicion with the unusual activity, and some suggestion that the activity is related to the crime.

We do not believe the standards of *Baltier* and the pat-down or weapon search cases incident to investigatory stop situations have application to the facts of this case. Here, the officers transported the intoxicated defendant to LARC for care and treatment. The police were simply following the directives of the Arizona law governing the treatment of intoxicated persons under such circumstances. See § 36–2026, ARS.

In our opinion the applicable standard to be followed in this case is set forth in *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). The *Robinson-Gustafson* rule permits full body searches of persons subject to custodial arrest.

The United States Supreme Court in *Gustafson* stated:

Our decision in Robinson indicates that the limitations placed by *Terry v. Ohio,*

supra, on protective searches conducted in an investigatory stop situation based on less than probable cause are not to be carried over to searches made incident to lawful custodial arrests . . .

The rationale of these cases as applied here appears to be sound since the defendant in this case was to be placed in a LARC facility and it was only reasonable and prudent that the officers conduct a search of defendant's clothing to make sure he was not carrying weapons or contraband items into the treatment center.

We believe the reasoning of the custodial arrest cases has application to this case where a custodial detention was accomplished prior to transportation to the LARC facility. We do not find the search to be unreasonable and therefore the motion to suppress was properly denied.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and FROEB, J., concur.