Timothy ZEHRUNG, Appellant,

v.

STATE of Alaska, Appellee.

No. 2823.

Supreme Court of Alaska.

Jan. 27, 1978.

---

Sue Ellen Tatter, Barbara J. Miracle, Asst. Public Defenders, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson and Ivan Lawner, Asst. Dist. Attys., Anchorage, Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Deputy Atty. Gen., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION ON REHEARING

Before BOOCHEVER, C. J., RABINOW-ITZ, CONNOR and BURKE, JJ., and DI-MOND, J. Pro Tem.

### PER CURIAM.

■ In our principal decision in this case, we held that one who is arrested and brought to jail for a minor offense for which bail has already been set in a bail schedule should be given a reasonable opportunity to post bail before being booked and searched.[1] In its petition for rehearing, the state contends that this holding is overly broad and should be narrowed.[2] Specifically, the state alleges that, while that holding may be feasible for large institutions such as in Anchorage, Juneau and Fairbanks, which have adequate holding cells in an unsecured area of the facility, the small-

er state institutions have no such holding capacity. The state contends that in the smaller jails, it may be necessary to hold prisoners in the security area along with all other prisoners, presenting a problem of introduction of contraband substances. In some communities, it is alleged that as a result of the opinion, a single patrolman would be required to watch the prisoner, rather than returning to his duties, while awaiting someone to come to the jail to post bail; or the prisoner would have to be placed in a cell with other prisoners.

It may well be that exigencies may arise warranting a more thorough search for contraband under unusual circumstances. It is impossible to rule on the myriad of conceivable circumstances. The rule set forth in our original opinion in *Zehrung* should normally be followed unless exigencies demand a different course of action. Whether circumstances justify a variance will depend on the particular facts involved and must be determined in an adversary proceeding[3] on a case-by-case basis.

■ Our opinion is modified to the extent indicated herein.[4]

MATTHEWS, J., not participating.

BURKE, Justice, dissenting.

I respectfully dissent. In my opinion our original holding in this case was overly broad. Specifically, I now disagree with the view that one in the position of Zehrung *"should be allowed a reasonable opportunity to attempt to raise bail before being subjected to the remand and booking procedures and the incident inventory search." Zehrung v. State,* 569 P.2d 189, 195 (Alaska 1977).[1]

---

1. Our original opinion authorized a search for weapons and evidence of the particular crime for which the person was arrested.

2. In oral argument on the petition, the state's attorney said that the state did not criticize the basic holdings of the court.

3. Counsel for Zehrung indicated that he has no interest in whether the *Zehrung* rule is restricted under varying situations. Accordingly, a

remand would not only involve hypothetical situations but would be nonadversary.

4. The right to fingerprint and photograph a prisoner was not raised in either the original appeal or the petition for rehearing. We therefore do not pass on those issues.

1. This holding, of course, is specifically limited to cases where the accused is arrested for a petty offense, for which bail has been set by the adoption of a bail schedule.

While I still adhere to the basic holding, that when the accused in such cases is able to post the required bail he should be released, and that beyond that point there is no justification for an inventory search,[2] I think it is unreasonable to require jail personnel to delay the ordinary booking process, and incident inventory search, in order to allow the prisoner time to "get in touch with a relative, an employer, a friend, or an attorney, who could come to the station-house" to post bail. *Id.* Thus, I would modify the opinion in this case and hold as follows:

1. Where the prisoner is able to post the required bail he should be immediately released; provided, however, that detention for such additional time as may be reasonably necessary to allow him to be fingerprinted and photographed would be allowed.[3]

2. If the prisoner is not able to post bail the ordinary booking process and remand should proceed without delay.

3. If during that process, or thereafter, the defendant becomes able to post the required bail he should be immediately released, subject to the limitation expressed in paragraph 1.

---

2. The right to conduct an "inventory" search should not be confused with the right to search for weapons. Under our first opinion I think it is clear that jail personnel are entitled to make an immediate and thorough search for weapons, or any item that could be used as a weapon, whenever a prisoner is delivered into their custody. *See Zehrung v. State*, 569 P.2d 189, 199–200 n. 39 (Alaska 1977). On that issue I have no quarrel with the majority. I would note, however, that a search for weapons, if it is to serve its purpose, cannot be limited to a search for large items such as a knife or a gun. A razor blade can be an equally dangerous weapon when held at the throat of a hostage.

3. The majority did not pass on the latter issue. My own view is that we should. As I stated at the time of our original decision:

I . . . believe that there can be some limitation on the right to 'immediate release' after posting bail. Specifically, I would hold that detention for such time as may be reasonably necessary to allow the authorities to fingerprint and photograph the accused is allowable. Otherwise, there may be no record from which his identity can later be determined with certainty.

*Zehrung v. State*, 569 P.2d 189, 200 (Alaska 1977) (concurring opinion).