**Robert LYLE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3162.

Supreme Court of Alaska.

Oct. 8, 1979.

Mitchel J. Schapira, Edgar Paul Boyko & Associates, P. C., Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION *

PER CURIAM.

Robert Lyle was arrested at 3:30 a. m. on February 16, 1976, after running to stop sign and a red light. Because of his appearance, an alcoholic odor on his breath, and his conduct, he was arrested for operating a motor vehicle while under the influence of intoxicating liquor. After being frisked, he was transported to the police station where he was given videotaped sobriety tests and a breathalyzer test. The breathalyzer test showed a level of .10 percent blood alcohol.[1]

The arresting officer, Nielsen, then took Lyle to the Fairbanks Correctional Center,

---

* Originally filed September 28, 1979 as a memorandum opinion and judgment pursuant to Appellate Rule 26. Publication directed by the court October 8, 1979.

1. Under AS 28.35.033(a)(3), a reading of .10 percent or more is presumptive of intoxication.

a state jail facility, where he was booked by Correctional Officer Gonzales. Lyle emptied his pockets, placing the contents onto the counter. Officer Gonzales then reached into Lyle's right jacket pocket and retrieved an approximately two by one inch wooden block which appeared solid except for a thin line near its top. Although Officer Gonzales had no idea what the block was or what it contained, he unscrewed the top and removed it. Inside he found a glass vial with a white powder caked on its neck. Officer Gonzales showed the block and vial to Officer Nielsen. A field test of the contents indicated a positive reaction for cocaine.

Lyle was subsequently indicted for possession of a narcotic drug in violation of AS 17.10.010. The trial judge denied Lyle's motion to suppress the cocaine. Lyle entered a plea of nolo contendere, reserving the right to appeal the denial of the motion to suppress.[2]

Lyle contends that: (1) the search at the Fairbanks correctional facility cannot be validated as a search incident to arrest or as an inventory search; (2) Lyle was not given the opportunity to post bail before being booked as required by *Zehrung v. State,* 569 P.2d 189 (Alaska 1977), *on rehearing,* 573 P.2d 859 (1978); and (3) even if the search fits within the inventory search exception, the opening of the wooden block and exami-

nation of its contents without a search warrant was impermissible because it exceeded the scope of the exception.

■■■ The facts and issues are almost identical to those discussed in our recent opinion of *Reeves v. State,* 599 P.2d 727 (Alaska 1979), where a majority of this court reversed a conviction for failure to suppress the results of a search of an opaque balloon which was found to contain heroin.[3] For the reasons explicated in *Reeves,* we hold that the *Zehrung* issue was not preserved by the plea of nolo contendere; the search cannot be validated as incident to Lyle's arrest;[4] and the opening of the wooden block exceeded the permissible scope of an inventory search.

The conviction is reversed, and the case is remanded for further proceedings in the event that the state should decide to try Lyle despite the suppression of the results of the search of the wooden block.[5]

REVERSED AND REMANDED.

---

**2.** *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

**3.** Justices Boochever and Matthews dissented on the grounds that the case should be remanded for a further hearing on the issue of whether the correctional officer's seizure and search of the balloon was based on his reasonable belief that the balloon contained contraband and whether there was probable cause to believe it contained contraband, thus falling within the "plain view" exception to the search warrant requirement. Here no plain view argument has been presented, and there was nothing about the wooden block that could give probable cause to believe it contained contraband.

**4.** We have held that under some circumstances, an arresting officer may make a more detailed search at the station house as an incident to arrest. *McCoy v. State,* 491 P.2d 127, 130–

39 (Alaska 1971). In *Reeves,* the arresting officer had left the jail at the time the search was made. Here, the arresting officer had turned Lyle over to a correctional officer for booking, although apparently he had not left the correctional facility. Nevertheless, it is clear that the sole purpose of the search was to inventory Lyle's possessions as part of the booking procedure and not to make a delayed search incident to his arrest. We, therefore, do not pass on the question of whether a search of this intensity could be justified as a search incident to arrest.

**5.** The plea was entered in this case prior to our decision in *Oveson v. Municipality of Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), requiring that the stipulation reserving an issue for appeal be dispositive of the case.