755 P.2d 1177

**The STATE of Arizona, Appellee,**

v.

**Dominick James CALABRESE, Appellant.**

**No. 2 CA–CR 4814.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 2, 1988.

Petition and Cross–Petition to Review Denied July 6, 1988.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Harold L. Higgins, Pima Co. Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

LACAGNINA, Chief Judge.

Dominick James Calabrese was convicted following a jury trial of unlawful possession of a narcotic drug, a class 4 felony, and the court suspended the imposition of sentence and placed Calabrese on four years' probation. Calabrese argues that the trial court erred in denying his motion to suppress evidence obtained during a search following his arrest. We affirm.

Police officers responded to a call about an unruly patient at St. Mary's Hospital, and they arrived to find Calabrese being forcibly held on the ground by a hospital security guard who was detaining him because of his refusal to leave the grounds. After he was allowed to stand, the officers handcuffed him because of his agitated state and his conduct. One officer performed an initial patdown and found no weapons. After speaking to hospital security personnel, the officers determined that they had probable cause and did arrest Calabrese for criminal trespass. The officers then searched the pockets of his clothing and found in his left front pant pocket a paper sack and a syringe. The paper sack contained a small folded white paper which held approximately 31.2 milligrams of cocaine.

Calabrese moved to suppress as evidence the items which were obtained during the search following his arrest, arguing solely the violation of the fourth and fourteenth amendments to the United States Constitution. The trial court denied his motion to suppress, for the following reasons:

1. That the defendant was under arrest.

2. That the item in dispute was found in a paper bag found on the defendant's person after that arrest.

3. That the officers had a right to a full search of the person of the defendant after the arrest.

4. *At the very least, upon his booking at the Pima County Jail, his property would have had to have been inventoried to determine what it was.*

5. That the cases cited by the defendant are not dispositive of the issue as this Court finds a distinct difference between a suitcase, a briefcase, etc. in a car and a paper sack on the person of the defendant at the time of his arrest. (Emphasis added.)

We hold that the trial court correctly denied appellant's motion to suppress; however, for the reasons stated below, we find that the court's justification of the accelerated booking procedure is erroneous.

In *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), the United States Supreme Court addressed the issue of the permissible scope of a search incident to an arrest, and held that the fourth amendment permits a full search of a person who has been subject to a lawful custodial arrest without the need for further justification. Calabrese acknowledges the holding in *Robinson* but argues that a warrantless search incident to a custodial arrest should be limited by article 2, section 8 of the Arizona Constitution, citing *State v. Ault*, 150 Ariz. 459, 724 P.2d 545 (1986), and *State v. Bolt*, 142 Ariz. 260, 689 P.2d 519 (1984). In those cases, our supreme court applied article 2, section 8 to prohibit the warrantless entry and search of a home in the absence of exigent circumstances. Calabrese suggests, on the

basis of *Ault* and *Bolt,* that we limit the warrantless search incident to a lawful custodial arrest to the removal of any weapons or evidence of the crime for which the person has been arrested. The Washington Supreme Court has applied such a construction to its state's identical constitutional provision. *State v. Ringer,* 100 Wash.2d 686, 674 P.2d 1240, 1248 (1983), *overruled in part on other grounds, State v. Stroud,* 106 Wash.2d 144, 720 P.2d 436 (1986). *See also, Zehrung v. State,* 569 P.2d 189 (Alaska 1977), *modified,* 573 P.2d 858 (Alaska 1978); *People v. Maher,* 17 Cal.3d 196, 130 Cal.Rptr. 508, 550 P.2d 1044 (1976); *State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974).

■ The state argues that Calabrese's failure to raise the Arizona constitutional question in the trial court waives that issue on appeal. In *State v. Tison,* 129 Ariz. 526, 633 P.2d 335 (1981), *cert. denied,* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982), the defendant urged several grounds on appeal for the exclusion of certain incriminating statements which he had made subsequent to his capture. He argued for the first time on appeal that the statements were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the sixth amendment right to counsel. The court held the issues were waived and stated: "The preclusion of issues applies to constitutional objections as well as statutory objections because an adherence to procedural rules serves a legitimate state interest in the timely and efficient presentation of issues." 129 Ariz. at 535, 633 P.2d at 642. We agree with the state that Calabrese has waived the Arizona constitutional issue, because he failed to raise it at trial.

Assuming arguendo that the issue was properly raised, we decline to extend article 2, section 8 of our constitution to limit searches as Calabrese suggests. We note that Arizona courts have applied the standards set forth in *Robinson* to determine the admissibility of evidence seized from a defendant at the time of his arrest. *State v. Myers,* 117 Ariz. 79, 89, 570 P.2d 1252, 1262 (1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978); *State v. Kennel,* 26 Ariz.App. 147, 546 P.2d 1156 (1976). The search of Calabrese in this case was a valid search incident to a lawful custodial arrest and, applying *Robinson,* the trial court correctly denied the motion to suppress. Any further extension of our own constitution to limit or circumscribe the standards set forth in *Robinson* is a matter left for the Arizona Supreme Court.

■ Calabrese argues, and we agree, that the trial court's justification that, because the evidence would have been discovered when Calabrese was booked at the Pima County Jail it was an accelerated booking search and therefore admissible, is erroneous. He was arrested for criminal trespass, which is a misdemeanor, and therefore he could have been released without booking. *See* A.R.S. § 13–3903. The state argues that Calabrese was actually charged with felony endangerment and, therefore, that at the time of his booking at the jail an inventory of everything in his possession would have included the paper sack containing the cocaine. *See State v. Stukes,* 151 Ariz. 216, 726 P.2d 632 (App. 1986). The state argues that the evidence would inevitably have been discovered during the customary booking procedures, citing *State v. Castaneda,* 150 Ariz. 382, 724 P.2d 1 (1986). We do not believe that the inevitable discovery rule applies in this situation. The legitimate purposes of a booking inventory search do not justify a premature search performed before the booking process has even begun. If we were to allow all warrantless searches to be justified by the argument that any evidence would ultimately have been discovered on booking at the jail, police officers would have a license to immediately and thoroughly search the person and effects of any individual arrested without a warrant for any minor but bookable offense in the hope of discovering evidence of a more serious crime. That would result in the arrestee being booked on the greater charge and the search being justified as an accelerated booking search. We do not believe that constitutes a permissible exception to the requirement for a warrant. *See People v. Laiwa,* 34 Cal.3d 711, 195

Cal.Rptr. 503, 513, 669 P.2d 1278, 1288 (1983).

We have reviewed the record for fundamental error and we find none. The judgment of conviction and the term of probation are affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.