953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Keith WILEY, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith E. WILEY, Defendant-Appellant.
 Nos. 91-30113, 91-30167.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1992.
Decided Feb. 5, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keith E. Wiley was stopped by Anchorage police officers on suspicion that he was driving with a cancelled driver's license. The officers arrested Wiley and seized from him a shotgun and a small vinyl bag that was later discovered to contain cocaine. Count I of the indictment charged Wiley with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Count II charged Wiley with possessing a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1). Count III charged him with possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Wiley moved to suppress the firearm and the cocaine. The district court denied Wiley's motion to suppress the firearm and granted his motion to suppress the cocaine. Both sides appeal. We affirm the district court's denial of Wiley's motion to suppress the firearm and reverse the district court's suppression of the cocaine.
 
 
 4
 * Even if we assume that the police could not have arrested Wiley for driving without a license, they were entitled to stop him for doing so. Nevertheless, if the traffic stop was merely the pretext for a warrantless search, the evidence seized must still be suppressed. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986).
 
 
 5
 In our view, the Anchorage police did not stop Wiley's car as a pretext to search for contraband. In contrast to Taglavore v. United States, 291 F.2d 262, 265 (9th Cir.1961), and United States v. Prim, 698 F.2d 972, 975 (9th Cir.1983), there is no evidence in this case that the officers suspected that Wiley was actually in possession of contraband at the time he was stopped. Indeed, the fact that the officers did not fully search Wiley's vinyl bag at the time of arrest and discovered the cocaine only later cuts against Wiley's contention that the officers stopped him in order to search for drugs. The officers' failure to give credible testimony regarding the basis for their stop is not dispositive in determining "the motivation or primary purpose of the arresting officers." Smith, 802 F.2d at 1124. We must consider all of the circumstances surrounding the stop. In our view, the officers' primary purpose was to stop Wiley for a traffic violation rather than to conduct a warrantless search. We therefore hold that the traffic stop was valid.
 
 II
 
 6
 We further hold that the police properly seized Wiley's shotgun and his vinyl bag at the time of his arrest. The officers knew that Wiley was a convicted felon. When they saw the shotgun in his car, the officers had probable cause to believe that Wiley was violating the federal statute that prohibits felons from possessing firearms. That the officers mistakenly believed Wiley to be violating a different law is inconsequential. The existence of a Fourth Amendment violation is determined by an objective standard. Scott v. United States, 436 U.S. 128, 138 (1978).
 
 
 7
 As for the vinyl bag, the officers observed Wiley reach under the front seat of his vehicle as they approached. This gave them probable cause to look under the front seat and to seize and search the bag that they found there for weapons or contraband.
 
 III
 
 8
 Turning to the United States' appeal from the district court's suppression of the cocaine, we hold that no Fourth Amendment violation occurred and reverse the district court's order granting Wiley's motion to suppress. The district court concluded that the cocaine was inadmissible because Wiley had not been afforded the opportunity to post bail before being incarcerated and subjected to an inventory search as required by state law. We do not reach the question whether Zehrung v. State, 569 P.2d 189 (Alaska 1977), modified on reh'g, 573 P.2d 858 (1978), Gray v. State, 798 P.2d 346 (Alaska Ct.App.1990), and the Alaska Department of Corrections' policy regarding quick release apply to Wiley because we hold that Wiley's legitimate expectations of privacy were effectively destroyed by the officers' search of his vinyl bag at the time of his arrest. See United States v. Burnette, 698 F.2d 1038, 1049 (9th Cir.), cert. denied, 461 U.S. 936 (1983); see also United States v. Holzman, 871 F.2d 1496, 1505 (9th Cir.1989).
 
 
 9
 The Fourth Amendment protects only reasonable expectations of privacy, which may be effectively destroyed by a valid search at the time of arrest. Burnette, 698 F.2d at 1049. Whether Wiley's expectations of privacy were effectively destroyed is a fact-specific inquiry. Id. at 1053 (Norris, J., concurring in part and dissenting in part). In this case, the vinyl bag at issue was quite small, measuring only several inches in length. It was unzipped and examined by both police officers. The officers observed that the bag contained money, though they did not discover the cocaine underneath the money at the time of the initial search. Given the size of the bag, we hold that this search was extensive enough to effectively destroy Wiley's legitimate expectations of privacy in its contents.
 
 
 10
 Of course, in order for a later search to be valid under Burnette, the item searched must "remain[ ] in the legitimate uninterrupted possession of the police." Id. at 1049. However, that requirement is satisfied here. Although Wiley had been transferred to the Department of Corrections for incarceration, one of the arresting officers was present at the time of the search that uncovered the cocaine.
 
 IV
 
 11
 Accordingly, the district court's denial of Wiley's motion to suppress the firearm is AFFIRMED. The district court's grant of Wiley's motion to suppress the cocaine is REVERSED and this case is REMANDED to the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3