**Rio ZAMMIT, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO, Director, Respondent–Appellee.**

**No. 05–15021.**

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Filed June 15, 2006.

Harriette P. Levitt, Esq., Law Offices of Harriette P. Levitt, Tucson, AZ, for Petitioner–Appellant.

Donna Jeanne Lam, AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Rio Zammit appeals the district court's denial in part and dismissal in part of his petition for a writ of habeas corpus. We certified two issues for appeal, and affirm as to each.

We review the district court's dismissal of a petition for writ of habeas corpus due to procedural default de novo. *Morrison v. Mahoney,* 399 F.3d 1042, 1045 (9th Cir. 2005). We see no error, as the Arizona Court of Appeals applied a procedural bar to consideration of Zammit's claim that his sentence was excessive and in violation of the Eighth Amendment because he preserved no such issue in the Arizona trial court. *See State v. Calabrese,* 157 Ariz. 189, 755 P.2d 1177 (1988). As the district court found, Zammit made no showing of cause and prejudice. Nor is his case an extraordinary one where the fundamental miscarriage of justice exception applies. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Schlup v. Delo,* 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Arizona's waiver rule is well established and there is no indication that it is not consistently applied. *Bennett v. Mueller,* 322 F.3d 573, 585–86 (9th Cir.2003) (establishing burden-shifting process); *see, e.g., State v. Navarro,* 201 Ariz. 292, 298 n. 6, 34 P.3d 971 (2001) (noting that Eighth

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Amendment claim is waived if not raised before trial court); *State v. Bolton,* 182 Ariz. 290, 297, 896 P.2d 830 (1995) (holding that constitutional issues are waived if not raised in the trial court). It is thus an independent and adequate state ground, *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1306 (9th Cir.1996), which precludes habeas review by a federal court, *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Zammit's *Blakely* [1] argument is uncertified and we decline to consider it as it raises no debatable issue.

AFFIRMED.

1. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

